LANDRY, Judge.
Conceding the liability of its insured, George L. Broussard, Sr., for a rear end collision between a vehicle being driven by Broussard and an automobile being operated by plaintiff Gracie M. Coyle Harris, defendant, The Travelers Insurance Company (Travelers) appeals alleging the trial court awarded excessive judgments for personal injuries and improperly allowed certain medical expenses to Mrs. Harris and her hereinafter named guest passengers. Plaintiffs have neither appealed nor answered defendant’s appeal.
Upon review of the record, we conclude the awards for personal injuries are neither excessive nor inadequate and therefore affirm the trial judge’s conclusions with respect to these allotments. We find, however, the judgments for medical expenses include certain items not properly recoverable because plaintiffs failed to connect them with the accident in question.
Since only questions of quantum are involved in this appeal, it suffices to relate that the Harris automobile was struck from the rear while stationary upon the highway after having stopped because of an obstruction which impeded its progress. The mishap occurred at approximately 10 :00 A.M., March 8, 1964. The driver, Mrs. Harris, was accompanied by Evelyn Russell, her daughter, Joycelyn Holloway, her niece, and Hope Ann Russell (daughter of Mrs. Evelyn Russell), her grandchild.
The record discloses that only Joycelyn Holloway experienced immediate physical effects from the impact. She was removed from the scene of the accident to a hospital where she underwent physical and x-ray examination. Later that day she was released from the sanitarium and returned to her home. The following day, however, all plaintiffs, Mrs. Harris, Mrs. Russell and Miss Holloway, consulted Dr. Frederick A. Wild, Jr., of New Orleans, Louisiana, a surgeon. By stipulation of counsel, the narrative report of the physician who examined Miss Holloway in the hospital on the day of the accident, together with the deposition of Dr. Wild, were introduced in evidence in lieu of doctors testifying in person and constitute all of the expert evidence regarding plaintiffs’ personal injuries.
Miss Holloway’s injuries were diagnosed by Dr. Wild as acute cervical and lumbar sprains. He estimated she would be totally disabled until about mid April and thereafter remain partially disabled until approximately May 1, 1964. He was also of the opinion she would have no permanent disability, either partial or total. Dr. Wild found marked tenderness over the para-vertebral cervical musculature. Rotary motion of the neck was limited 10 per cent. Muscle spasm of the neck muscle was produced upon palpation. Muscle spasm was also noted in the lumbar region. Lateral bending resulted in some low back pain, more on the left than on the right. Between March 9, and May 2, 1964, Dr. Wild saw Miss Holloway a total of 14 times. During this interval he prescribed use of a bed board and analgesics as home treatment. On the visits to Dr. Wild’s office the patient was administered diathermy treatment. At Dr. Wild’s suggestion, Miss Holloway used a neck collar for a time. On May 2, 1964, Dr. Wild noted that virtually all the patient’s symptoms had disappeared; her only residual being slight soreness on ex *893 treme rotation of the head and neck toward the left. On January 15, 1965, Miss Holloway returned complaining of recurring discomfort to her neck. Finding no objective symptoms, Dr. Wild prescribed application of heat to the affected areas and aspirin for relief of pain. This was the last occasion Miss Holloway was seen by Dr. Wild for treatment of accident associated injuries.
Dr. Wild diagnosed Mrs. Harris’ injuries as acute cervical sprain and lumbosacral strain with multiple contusions and abrasions of the knees, left thigh and left calf. His prognosis was resulting total disability for one week followed by partial disability for six weeks. He noted tenderness in the area of the sternomastoid muscles — more severe on the left than on the right. A pre-existing arthritic condition revealed by x-ray was not found by Dr. Wild to have been aggravated by the accident. No muscle spasm was detected in either the cervical or lumbar areas. Dr. Wild saw Mrs. Harris a total of 13 times between March 9, and April 25, 1964. He prescribed heat treatment, use of a hard mattress and neck collar, and analgesics and relaxants as home remedies. On visiting Dr. Wild’s office, Mrs. Harris was administered heat therapy. Use of the neck collar was discontinued March 21, 1964.
Mrs. Russell was seen by Dr. Wild on five occasions. The patient’s injuries were diagnosed as mild sprain of the auxiliary cervical muscles. Disability was estimated to be total for a period of approximately one week. Tenderness in the affected area persisted for a time. Muscle spasm was presumed because of the nature of the patient’s complaints. Dr. Wild described his treatment of Mrs. Russell as both evaluative and therapeutic. He recommended application of heat to the injured area and the use of prescribed tranquilizers and analgesics. On April 28, 1964, Mrs. Russell exhibited no complaints and was discharged.
On the foregoing medical testimony and that of plaintiffs themselves to the effect that they experienced continuing pain and discomfort even after terminating medical treatment, the trial court entered the following awards for personal injuries: $4,000.00 to Melvy R. Coyle as natural tutrix of her minor child, Joycelyn Holloway; $2,500.00 to Mrs. Gracie M. Coyle Harris, and $1,-000.00 to Mrs. Evelyn Russell.
In urging affirmation of the awards made below, plaintiffs cite and rely upon the well established rule that much discretion is left to the trial court in such matters and judgments for personal injuries are not to be disturbed on appeal unless the sums granted are at such variance with awards for similar injuries as to constitute an abuse of the much discretion vested in the trier of facts. Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149; Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127.
Appellant, on the other hand, cites numerous cases in which awards for personal injuries have been amended and revised upon appeal after a finding by the appellate court that the sums granted were either excessive or inadequate. We feel that no useful purpose would be gained by a detailed consideration of each cited authority.
In view of the nature of the injuries sustained by plaintiffs as hereinabove set forth, we conclude the awards in question are neither inadequate nor excessive.
It is well settled jurisprudence that in making awards for personal injuries, the court must consider each case in the light of its own peculiar facts and circumstances. While no two cases are precisely alike, the courts may, in making awards of this nature, look to the prior jurisprudence to determine what has been held fair and reasonable recovery for substantially similar injuries. It is also firmly established law that some discretion is vested in the trial court with respect to making awards of this nature. Unless the record discloses an abuse or misapplication of such discretion, the appellate court should not disturb judgments of this nature.
*894 Counsel for appellants correctly points out that certain charges by Dr. Wild for medical reports rendered at the request of plaintiffs’ counsel were improperly allowed as damages by the trial court. In this connection Dr. Wild testified that a statement rendered for Miss Holloway in the aggregate of $135.00 included two such reports at $15.00 each. Dr. Wild also acknowledged his bill in the sum of $45.00 for services rendered Mrs. Evelyn Russell included a similar report also valued at $15.00. Finally, Dr. Wild conceded his statement sent Mrs. Harris in the amount of $100.00 likewise included the cost of one such report at $15.00. These items of expense are not properly recoverable in an action for damages for personal injuries. It is well settled that the cost of medical reports is not a recoverable item of damages in a tort action. Alexander v. Fidelity-Phoenix Insurance Company, La.App., 185 So.2d 102.
Finally, there remains the question of certain x-rays and a separate medical bill submitted on behalf of Mrs. Harris. In this regard defendant urges that of the sum of $75.00 awarded Mr. Harris for x-rays of his wife, $10.00 represents x-rays taken of her hand one month following the accident and an additional $20.00 is for x-rays of Mrs. Harris’ knees taken approximately eight months after the mishap. Appellant in effect argues that said $30.00, as well as an additional statement in the amount of $25.00 for visits to Dr. Wild in November and December, 1964, were not related to injuries received in the accident and should have been disallowed.
On this issue, Dr. Wild testified that while he did not note Mrs. Harris’ complaint of a hand injury on his record, he nevertheless recalled her having made such a complaint but neglected to examine the hand as he considered the complaint inconsequential. When she again complained of her hand in April, he had the member x-rayed. In view of such circumstances, the sum of $10.00 for the hand x-ray represents an expense legitimately chargeable to an injury received in the accident and therefore recoverable by said plaintiff. Charges in sums of $20.00 for x-rays to Mrs. Harris’ knees and $25.00 to Dr. Wild for visits by Mrs. Harris several months after the accident were not related to Mrs. Harris’ accident incurred injuries by Dr. Wild. Said items must therefore be disallowed. Also disallowed is the sum of $15.00 for a report on Mrs. Harris’ condition, a total reduction of $60.00.
Consequently, the award to Mrs. Melvy R. Coyle, tutrix, must be reduced by the sum of $30.00 or from the amount of $259.23 to $229.23.
The trial court inadvertently awarded Mr. Russell $85.00 for medical expense incurred on behalf of his wife whereas the expenses submitted were a bill for $45.00 from Dr. Wild and another for $20.00 for x-rays, or a total of $65.00. Of the sum of $45.00 billed by Dr. Wild, $15.00 was for a report which must be deducted thereby reducing the award to Mr. Russell to $50.00.
Mr. Harris, having been awarded a total of $493.63, the decree in his favor must be reduced a total of $60.00 to the sum of $433.63.
Accordingly, it is ordered,.adjudged and decreed that the judgment of the trial court be and the same is hereby amended and revised and judgments rendered herein in favor of plaintiffs and against defendant, The Travelers Insurance Company, as follows: In favor of Mrs. Melvy R. Coyle, natural tutrix of the minor Joycelyn Holloway, in the sum of $229.23; in favor of Donald Harris in the sum of $433.63; in favor of William T. Russell in the sum of $50.00.
It is further ordered, adjudged and decreed that the judgment of the trial court is hereby affirmed as regards the awards for personal injuries in favor of the plaintiffs and against defendant, The Travelers Insurance Company, as follows: Mrs. Melvy R. Coyle, natural tutrix of the minor *895 Joycelyn Holloway, in the sum of $4,000.00; Mrs. Gracie M. Coyle Harris in the sum of $2,500.00; and Mrs. Evelyn Russell in the sum of $1,000.00.
It is further ordered, adjudged and decreed that all of the said awards are to bear legal interest at the rate of five (5%) per cent per annum from date of judicial demand, until paid. All costs of the trial court to be paid by defendant, The Travelers Insurance Company; costs of‘this appeal to be prorated among the several plaintiffs-appellees.
Amended and rendered.